Galligan, Appellant, *v.* Arovitch.

302

Argued January 5, 1966.   Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Albert Ring,* with him *D'Agui & Del Collo,* for appellant.

*Michael R. Bradley,* with him *Brooks, Oliver, Macartney & Holl,* for appellees.

Opinion by Mr. Justice Cohen, April 19, 1966:

This is an appeal from a judgment on the pleadings in favor of defendants in an action of trespass. On August 4, 1961 plaintiff suffered injuries when she tripped on the lawn area in front of defendants' apartment building, where she resided as a tenant. Plaintiff brought suit alleging negligence on the part of defendants, who filed new matter denying liability on the basis of an exculpatory clause contained in plaintiff's lease, which read as follows: "Lessee also agrees to be responsible for and to relieve and hereby relieves Lessor from all liability by reason of any damage or injury to any property or to Lessee or Lessee's guests, servants or employees which may arise from or be due to the use, misuse or abuse of all or any of the elevators, hatches, openings, stairways, fire escapes, hallways of any kind whatsoever which may exist or here-

after be erected or constructed on the said premises or the sidewalks surrounding the buildings of which the demised premises is a part, or from any kind of damage or injury which may arise from defective construction, failure of water supply, light, power, electric wiring, plumbing or machinery, wind, lightning, storm or any other cause whatsoever on the said premises or the building of which the demised premises is a part whether such damage, injury, misuse or abuse be caused by or result from the negligence of Lessor, its servants or agents or any other person or persons whatsoever."

Plaintiff contends that the exculpatory clause is inoperative because the injury did not occur at one of the locations specified therein and, more broadly, that it is void and against public policy.

Absent the exculpatory clause, it is clear that plaintiff could not suffer an adverse judgment on the pleadings. Thus the lease herein pleaded by defendants has diminished her legal right to recover damages from defendants for injuries caused by their negligence. An agreement or instrument which reduces legal rights which would otherwise exist is strictly construed against the party asserting it and must spell out with the utmost particularity the intention of the parties. *Morton v. Ambridge Borough,* 375 Pa. 630, 101 A. 2d 661 (1954). Likewise, the rules of construction require that a written instrument be strictly construed against the maker. *Darrow v. Keystone 5, 10, 25, $1.00 Stores, Inc.,* 365 Pa. 123, 74 A. 2d 176 (1950). Here, plaintiff was injured on the lawn area of defendants' premises. The exculpatory clause purports to relieve the lessor (defendants) of liability for injury or damage incurred at any of seven places—elevators, hatches, openings, stairways, fire escapes, hallways, and sidewalks—none of which includes the lawn. A lawn and a sidewalk are clearly different locations and neither encompasses the other, nor does any of the other locations include

a lawn. In *Bryans v. Gallagher,* 407 Pa. 142, 178 A. 2d 766 (1962), plaintiff was injured on the driveway of the demised premises, which being the sole means of ingress and egress, was agreed upon as being the sidewalk mentioned in the exculpatory clause. That, obviously, is not so in the instant case.

We are satisfied that either of the rules of strict construction above enunciated is alone sufficient to require the reversal of the lower court's action. There are, however, policy considerations which, though not necessary to this decision, are the writer's personal observation and do bear some relevance. The exculpatory clause is today contained in every form lease and, understandably enough, landlords are unwilling to strike therefrom that provision which strongly favors them. Thus it is fruitless for the prospective tenant of an apartment to seek a lease having no exculpatory clause. The result is that the tenant has no bargaining power and must accept his landlord's terms. There is no meeting of the minds, and the agreement is in effect a mere contract of adhesion, whereby the tenant simply adheres to a document which he is powerless to alter, having no alternative other than to reject the transaction entirely. It is obvious that analysis of the form lease in terms of traditional contract principles will not suffice, for those rules were developed for negotiated transactions, which embody the intention of both parties. *Note, The Form 50 Lease: Judicial Treatment of an Adhesion Contract,* 111 U. Pa. L. Rev. 1197, 1206 (1963). I do not dispute the rule that a covenant against liability for acts of negligence is valid and enforceable when entered into by private individuals in furtherance of their personal affairs. *Cannon v. Bresch,* 307 Pa. 31, 160 Atl. 595 (1932). But I do believe that such a rule necessarily assumes that each party is a free bargaining agent, which, it is evident, a prospec-

tive tenant for an apartment being unable to bargain away an exculpatory clause, is not.

Judgment reversed with a procedendo.

Mr. Justice EAGEN concurs in the result.

Mr. Justice ROBERTS concurs in the result on the ground that the exculpatory clause, upon which the court below relied, does not represent a meeting of the minds but rather constitutes a contract of adhesion violative of public policy and should not be given legal effect.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.