## Foamade Industries, Inc. v. Emergency Elevator Company, Inc.

*Andrew Fulton*, 3rd, for plaintiff.

*George J. McConchie*, for defendants.

BLOOM, J., April 24, 1969.—This is a motion for judgment on the pleadings made by defendants, Leonard Becker and Sidney Becker, trading as Lester Associates on their behalf in an action in trespass instituted by plaintiff, Foamade Industries, Inc. against Emer-

gency Elevator Company and Lester Associates. On or about April 1, 1965, plaintiff entered into a written lease with defendant, Lester Associates, for rental of a substantial portion of the first floor of a building in the Lester Industrial Center, Lester, Pennsylvania. Approximately two years after commencement of the lease, Lester Associates entered into an agreement with Emergency Elevator Company to install an elevator in a shaft adjoining the property leased by plaintiff. During the construction of the shaft, Emergency Elevator made a hole in the wall. On or about August 9, 1967, a heavy rain fell. Plaintiff suffered damages in the amount of $6,291.23. As the result of Emergency Elevator's failure to properly cover the hole in the shaft, substantial amounts of water leaked into the leased premises and ruined a considerable amount of foam and plastic products stored there by plaintiff. Plaintiff brought suit alleging negligence on the part of both defendants and claimed damages in excess of $6,000 as referred to above. Defendant, Lester Associates, filed an answer and, by way of new matter, denied liability on the basis of the exculpatory clause contained in the lease, which provides as follows:

"Lessee agrees to relieve and hereby relieves the Lessor from all liability by reason of any injury or damage to any person or property in the demised premises, whether belonging to the Lessee or any other person, caused by any fire, breakage or leakage in any part or portion of the demised premises, of any part or portion of the building of which the demised premises are a part, *or from water, rain or snow that may leak into, issue or flow from any part of the said premises*, or of the building of which the demised premises are a part, *from the drains, pipes, or plumbing work* of the same, or from any place or quarter, whether such breakage, leakage, injury or damage be caused by or result from the negligence of Lessor or its servants or

agents or any person or persons whatsoever. Lessee also agrees to relieve Lessor from all liability by reason of any damages or injuries to any person or thing which may arise from or be due to the *use, misuse or abuse of all or any of the elevators,* hatches, openings, stairways, hallways of any kind whatsoever which may exist or hereafter be erected or constructed on said premises, or from any kind of injury which may arise from any other cause whatsoever on the said premises or the building of which the demised premises are a part, whether such *damage, injury, use, misuse or abuse* be caused by or result from the negligence of Lessor, its servants or agents or any other person or persons whatsoever". (Italics supplied.)

Defendant, Lester Associates, contends that this exculpatory clause relieves them from all liability for damages to property from water, rain or snow even if such damage results from the negligence of the Lessor, its employes or any person whatsoever.

Our appellate courts have established certain standards which must be met before an exculpatory provision will be construed to relieve a person of liability. These decisions pronounce that: (1) contracts providing for immunity from liability for negligence must be *construed strictly* since they are not favorites of the law; (2) such contracts must *spell out* the intentions of the parties with the greatest of *particularity* and show the intention to release the party from liability *beyond a doubt by express stipulation* and *no inference* from words of general import can establish it; (3) the burden to establish immunity from liability is upon the party who asserts such immunity; and (4) such contracts *must be construed with every intendment against the party who seeks immunity* from liability. See: Employers Liability Assurance Corporation, Ltd. v. Greenville Business Men's Association, 423 Pa. 288 (1966) and cases cited.

The lessee did agree to release the lessor from liability for damages which might be caused by water, rain or snow from the drains, pipes or plumbing work or from the negligent performance of the landlord's duties under the lease. However, there is nothing in the record to show that the lessee agreed that the lessor was to engage an independent contractor to construct an elevator shaft in what is alleged to be a negligent manner.

In a motion for judgment on the pleadings, it is the duty of the court to examine all the pleadings. After a careful consideration of all the pleadings, we note that the lessee, Foamade Industries, was never informed by Lester Associates that a hole would be made in the shaft adjoining the leased premises during the installation of the elevator, nor was the lessee warned to move his inventory to avoid any possibility of damage. Therefore when the rain came into the building, there was no way in which the lessee could have protected himself against the loss sustained and, certainly, this was never agreed to by the lessee. The intention to relieve the lessor from this type of loss is not "spelled out" beyond a doubt by express stipulation with the particularity required under our rules of strict construction. We therefore find the language of the first provision in the exculpatory clause insufficient to relieve the landlord from liability in the case in question.

We are also of the opinion that the lessor has not brought himself under the umbrella of immunity from liability under the second provision of the exculpatory clause. Lessee there agreed to relieve the lessor from liability for damages due to the use, misuse or abuse of the elevators. However, the damage complained of resulted not from the use or misuse of the elevator itself, but rather from the failure to take proper precautions in the construction of the elevator *shaft*. We believe that this is beyond the protection of the lan-

guage of the exculpatory clause and therefore find that under these circumstances this provision does not release the lessor from negligence.

Judgment on the pleadings will be entered *only* where the case is clear and free from doubt, every doubt being resolved against the entry of such a judgment. Where, as here, there is doubt as to whether defendant, Lester Associates, is entitled to judgment on the pleadings, that doubt should be resolved in favor of plaintiff. We are therefore of the opinion that Lester Associates' motion for judgment on the pleadings should be dismissed.

Plaintiff in his brief relies on Galligan v. Arovitch, 421 Pa. 301 (1966), which relates to the doctrine of "adhesion contracts". We do not believe that it has any application to the facts in this particular case.

Defendant relies on Employers Liability Assurance Corporation Ltd. v. Greenville Business Men's Association, supra. We feel that the facts and decision in that case are not a precedent for the issues pending before the court in this particular matter.

For these reasons, we enter the following,

ORDER

And now, to wit, April 24, 1969, defendant's motion for judgment on the pleadings is refused and dismissed; an exception is noted for defendant.