## Phillippe et vir, Appellants, *v.* Jerome H. Rhoads, Inc.

504

Argued September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Kenneth R. Werner,* with him *Fred T. Cadmus, III,* and *Cadmus and Patten,* for appellants.

*Robert C. Steiger,* with him *Harper, George, Buchanan & Driver,* for appellee.

OPINION BY VAN DER VOORT, J., March 31, 1975:

This is an appeal from an Order granting defendant's motion for judgment on the pleadings,[1] entered on January 23, 1974, by Trial Judge John M. WAJERT. Appellants' cause of action was grounded in trespass and alleged that appellee's negligent installation and maintenance of underground fuel storage tanks, gasoline pumps, and plumbing fixtures associated therewith caused three separate gasoline explosions. Appellee answered and raised by new matter the indemnity provision[2] of the contract, viz., an "Equipment Loan Agreement", by which appellants contracted with appellee for installation of certain equipment necessary to the selling of gasoline. Appellee then filed an amendment to his new matter, adding only a "Dealer Contract", which contained a similar indemnity clause, thus placing upon the record both documents relative to the parties' contractual obligations. Appellee moved for judgment on the pleadings

---

1. The record is clear that defendant moved for judgment on the pleadings and that such was granted notwithstanding the fact that the hearing judge describes the action of the Common Pleas Court as the granting of summary judgment.

2. "5. Indemnity: Customer shall indemnify and save Jerome H. Rhoads harmless from all liability, cost and expense for any loss, damage, injury or expense to Customer or any person or property in any way caused by said equipment system or any property of Jerome H. Rhoads or the use of (sic) handling thereof, whether or not due to any imperfection therein or arising from negligence or otherwise and Customer hereby waives and releases any claim against Jerome H. Rhoads hereunder in respect to the foregoing or arising from the installation, removal and/or obliteration of all or any part of said equipment system, signs, distinctive coloring and advertising matter however caused and for any losses or shortages arising out of the use of any measuring devices furnished by Jerome H. Rhoads hereunder or due to any other matter or thing whatsoever."

pursuant to Pennsylvania Rule of Civil Procedure 1034, which was granted.

Appellants urge us to declare the indemnity clause invalid. We must begin with the "rule that a covenant against liability for acts of negligence is valid and enforceable when entered into by private individuals in furtherance of their personal affairs." *Galligan v. Arovitch*, 421 Pa. 301, 304, 219 A.2d 463, 465 (1966). Our Supreme Court recognizes a caveat to this rule by the holding in *Dilks v. Flohr Chevrolet*, 411 Pa. 425, 192 A.2d 682 (1963) that such contractual provisions must not contravene public policy. Thus, a contract between individuals cannot void a interest which the Legislature has deemed worthy of regulation for the public health and safety. See *Boyd v. Smith*, 372 Pa. 306, 94 A.2d 44 (1953). We do not find nor have appellants pointed us to legislative pronouncements on the subject of the instant installation and maintenance. In their brief appellants argue that they were foreclosed from amending so as to add statutes and regulations regarding storage and use of inflammables, and thus to show public policy. This the court in its discretion refused. See Pennsylvania Rule of Civil Procedure 1033 and *Pugh v. Bankers Mutual Insurance Co.*, 206 Pa. Superior Ct. 136, 211 A.2d 135 (1965). We believe that the hearing judge did not abuse his discretion in this refusal, as the issues might more properly have been raised in answer to appellee's motion or at argument.[3] Having found no statute or regulation, we do not accept appellants' argument that the instant indemnity clause contravenes public policy.

The further caveat is placed upon the general rule as expressed in *Galligan, supra,* to the effect that an ex-

---

3. The record does not contain a document purporting to be appellants' reply to appellee's motion for judgment on the pleadings; nor does the record contain a transcript of this argument, but it does indicate that argument may have been held on or about October 23, 1974.

culpatory clause, to be enforceable, must be part of a contract between parties who are free bargaining agents or mutual beneficiaries of the bargain in their individual capacities. *Warren City Lines, Inc. v. United Refining Co.*, 220 Pa. Superior Ct. 308, 287 A.2d 149 (1971). While appellants aver that they were in an inferior bargaining position with this appellee, they do not allege that they could not deal with another in the business of installing and maintaining the instant fixtures. Further, appellants fail to aver that either they or appellee had not benefitted from the contract relations which had existed one with the other.

*Galligan, supra,* further stands for the proposition that "an agreement or instrument which reduces legal rights which would otherwise exist is strictly construed against the party asserting it and must spell out with the utmost particularity the intention of the parties." (at p. 303) Reading the present indemnity clause (see footnote 2, above) in a light most favorable to appellants we find it in no way ambiguous or unclear. Its language manifests a clear intention to release only appellee from any negligence of which it might be a part in the performance of certain enumerated duties upon specified matter. We conclude that the instant indemnity clause is a clear release.

Order granting judgment affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

In this appeal, we must determine whether the trial court erred in granting appellee's motion for judgment on the pleadings pursuant to Rule 1034 of the Pennsylvania Rules of Civil Procedure.

Appellants operate a general store and gasoline service station in Unionville, Chester County. On May 1, 1970, the parties entered into an "Equipment Loan Agreement" under which appellee agreed to lend appellants four gasoline curb pumps and underground tanks. In return, ap-

pellants agreed to use the equipment exclusively for the handling, storage, and dispensing of appellee's products. On three separate occasions, gasoline explosions occurred on appellants' property, causing extensive damage. As a result, appellants instituted a suit in trespass, alleging that the explosions were caused by appellee's negligent construction and installation of the fuel storage tanks.

On December 1, 1972, appellee filed an answer to appellants' complaint, and attached new matter pursuant to Rule 1045: "The said written contract . . . is attached hereto . . . and under the terms of paragraph five of said agreement, the plaintiff, . . . does agree to indemnify and save harmless defendant from any liability for any loss, damage or injury in any way caused by the equipment system leased and waives and releases said defendant from any claim for damages . . ." In their reply to new matter, appellants averred that no answer was required. On April 25, 1973, appellee filed an amended answer and amended new matter, again referring to the indemnity clause. In reply to the amended new matter, appellants stated: ". . . The plaintiffs are advised, believe and therefore aver that the said [indemnity clause] was not in force at the time of the times relevant to this cause of action, was not legally binding in the premises, *was contrary to law and public policy, and was otherwise legally inoperative.*" (Emphasis added).

Appellee filed a motion for judgment on the pleadings pursuant to Rule 1034 on September 19, 1973. After oral argument, and after denying appellants' request for leave to amend their complaint to include Pennsylvania statutes and regulations concerning the installation of fuel tanks, the lower court granted appellee's motion. This appeal followed.

It is well-settled that a motion for judgment on the pleadings can only be granted in cases where the moving party's right to prevail is so clear that a trial would be a fruitless exercise. *Karns v. Tony Vitale Fireworks*

*Corp.*, 436 Pa. 181, 259 A. 2d 687 (1969) ; *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 224 A.2d 174 (1966) ; *Bureau for Child Care v. The United Fund of the Philadelphia Area,* 416 Pa. 617, 207 A. 2d 847 (1965). Furthermore, when passing on a motion under Rule 1034, the trial court can consider only the pleadings themselves and any documents properly attached thereto. *Hammermill Paper Co. v. Rust Engineering Co.,* 430 Pa. 365, 243 A. 2d 389 (1968) ; *Aughenbaugh v. North American Refractories Co.,* 426 Pa. 211, 231 A. 2d 173 (1967).

A motion for judgment on the pleadings is in the nature of a demurrer, and thus all of the opposing party's well-pleaded allegations are assumed to be true, and only specifically admitted facts may be used against him. See e.g., *Goldman v. McShain,* 432 Pa. 61, 68, 247 A. 2d 455 (1968). In the present case, appellee's new matter averred that the contract contained an indemnity clause, which, *if valid,* would be a complete defense to appellants' suit. The existence of the indemnity clause is obviously a factual averment requiring a response : " 'New matter' pleading is designed to compel a plaintiff to answer the defendant's affirmative defenses during the pleading stage to avoid an unnecessary trial. If the plaintiff answers inadequately, a motion for judgment on the pleadings may be filed." *Chivers v. School District of Mt. Lebanon,* 6 Commonwealth Ct. 622, 625, 297 A. 2d 187, 189 (1972), quoting Goodrich-Amram, Standard Pennsylvania Practice (1972 Supplement), §1030-1 at 308. Thus, had appellants failed to reply to appellee's new matter, the lower court's ruling would have been proper because a lawful indemnity clause would be a complete defense and the pleadings would not have indicated any dispute as to its validity. But appellants specifically denied that the indemnity clause was controlling. At this juncture, therefore, it cannot be said that appellants have failed to state a claim upon which relief can be granted: "... a defend-

510

ant may not rely on his affirmative defense to sustain a motion for judgment on the pleadings, unless of course plaintiff has failed to deny the allegation in defendant's new matter which raises that defense. In the present case, however, appellants' reply to appellees' new matter *specifically denies* that the statute of frauds controls. Moreover to say that a possible affirmative defense exists to a complaint is not to say that such a complaint is legally insufficient on its face. It may still *state* a claim upon which relief can be granted, even though the relief itself will eventually be denied should defendant prove his affirmative defense. Surely, for example, we would not hold that a complaint in trespass failed to state a claim upon which relief could be granted simply because the defendant's new matter raised the defense of contributory negligence. To prevail, defendant would still have to *prove* that defense at trial or somehow succeed in having plaintiff admit it in his own pleadings." *Goldman v. McShain,* supra, at 73-74, 247 A.2d at 461. See also *Enoch v. Food Fair Stores, Inc.,* 232 Pa. Superior Ct. 1, 331 A. 2d 912 (1974). In the present case, the pleadings indicated that appellants disputed the validity of the indemnity clause. It is difficult to see how the court concluded that appellants failed to state a claim upon which they could *possibly* prevail at trial. Thus, the lower court erred in granting appellee's motion.

The Majority also approves the lower court's ruling that the indemnity clause is valid because appellants failed to show that the clause was void as against public policy. Apparently, the Majority would require appellants to point "to legislative pronouncements on the subject of the instant installation and maintenance." The Majority, however, fails to cite any decision or any rationale which would require a litigant to *plead* specific authority in support of a legal proposition. Both the lower court and the Majority are apparently confusing a motion for judgment on the pleadings under Rule 1034 with a motion for sum-

mary judgment under Rule 1035.[1] In the latter situation, the trial judge can consider affidavits, memoranda of law, etc., in making his determination. In passing on a motion for judgment on the pleadings, however, the court can consider *only* the pleadings. See *Hammermill Paper Co. v. Rust Engineering Co.*, supra.

Moreover, if the trial judge and the Majority believe that it was necessary for appellants to plead specific examples of legislative concern with the subject matter at issue, the trial court clearly abused its discretion in not granting appellants' request for leave to amend. "Inasmuch as a judgment on the pleadings denies a party the right to fully develop his theories and averments at trial, a motion to that effect *should be denied if a proper and seasonable amendment will cure pleading defects.*" *Bata v. Central-Penn National Bank of Philadelphia*, supra, at 384-385, 224 A.2d at 182. (Emphasis added.) Appellee would not have suffered any prejudice had the trial judge granted appellants' request. The Majority, however, states that "[w]e believe that the hearing judge did not abuse his discretion in this refusal, as the issues might more properly have been raised in answer to appellee's motion or at argument." As stated previously, *only* the pleadings can be considered in a motion under Rule 1034. An "answer" to a motion for judgment on the pleadings is obviously not a pleading—the Majority fails to explain why such a document is required if the court is prohibited from considering it. The fact that the lower court held an oral argument is completely irrelevant to the issue of whether appellants should have been granted leave to amend. The court knew that appellants' theory was that the indemnity clause was void as against public policy. It is unfair to hold that the indemnity clause is valid

---

1. In fact, the lower court concluded its opinion by stating: "For these reasons *summary judgment* was entered." (Emphasis added.)

because no public policy has been shown, while at the same time denying appellants' the right to amend their pleadings.

Thus, I believe that judgment on the pleadings was erroneously granted. If this were a proper case for judgment on the pleadings, the trial court erred in passing on the motion without granting appellant leave to amend. I would reverse the order of the lower court.

CERCONE and SPAETH, JJ., join in this dissenting opinion.