## West Bradford Township v.
## Nationwide Ins. Co.

*Ronald M. Agulnick*, for petitioner.
*William J. Gallagher*, for respondent.

PITT, *J.*, April 1, 1975—Petitioner, a municipal corporation, township of the second class, situate in Chester County, was the named insured of a policy of liability insurance issued by respondent, a mutual insurance company.

Petitioner stored on its premises piles of salt used for roadwork. One William C. Jones, a nearby user of land, claims, and petitioner believes, that these piles of salt were inundated by rain waters and that these waters dispersed and released the salt into the underground water table, thereby polluting Jones' well. During the term of the policy, Jones made demand upon petitioner for alleged damage to Jones' well, water supply and other equipment.

Petitioner thereafter sent to respondent a notice of claim as required by the terms of the policy. Respondent disclaimed coverage and liability under the policy and petitioner now seeks a declaratory

judgment declaring that respondent, by the terms of the policy, is obligated to defend and adjust the pending claims.

## DISCUSSION

This matter comes before us pursuant to the Act of June 18, 1923, P.L. 840, sec. 1, et seq., 12 P.S. §831, et seq. Section 2 of the above act allows the court to determine any question of construction arising under a contract raised by an interested party under the written contract. The parties have a concrete and antagonistic interest indicating imminent and inevitable litigation: Oughten v. Continental Associates, Inc., 20 D. & C. 2d 551 (1956). The propriety of rendering a declaratory judgment is purely a matter within the discretion of the trial court: C. H. Pitt Corp. v. Insurance Company of North America, 115 Pitt. 173 (1967). We feel here, it is a proper exercise of judicial discretion to interpret this policy to determine whether respondent must defend and adjust the pending claims.

The policy states under exclusions:

"This policy does not apply:

". . . (i) under Coverages A and B, to the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental:"

Interpretation of this exclusion will be determinative of the rights of the parties hereto.

It must first be stated that a contract is construed

against the party preparing it or, in this case, the respondent: Galligan v. Arovitch, 421 Pa. 301, 219 A. 2d 463 (1966). We believe that this salt is included within the group of substances listed in subparagraph (i). It appears that the salt was dispersed or released into a water course or body of water. The question to be answered is whether the dispersal or release was sudden and accidental, thereby making the said exclusion inapplicable.

For the exclusion not to apply, the dispersal or release must be both sudden and accidental. There is no evidence of any intent whatsoever on the part of petitioners to cause the dispersal or release of the salt into the underground water table. Likewise, there was no evidence presented that petitioner could have foreseen or anticipated such an occurence. "Sudden" is defined as "happening without previous notice or with very brief notice; coming or occurring unexpectedly; unforeseen; unprepared for.": Black's Law Dictionary, Rev. Fourth Ed., p. 1600 (1968). Furthermore, "accidental" is defined as "happening by chance or unexpectedly.": Black's Law Dictionary, supra, p. 31. Construing this paragraph in favor of petitioner, we find that the dispersal or release of the salt was sudden and accidental within the meaning of paragraph (i) and, therefore, the exclusion does not apply. Accordingly, we enter the following

## DECREE NISI

And now, April 1, 1975, for the reasons stated in the foregoing opinion, the prayer of the petition for declaratory judgment is hereby granted and respondent is declared obligated to defend and adjust the pending claims and is otherwise to comply with the obligations of the contract of insurance.