**Elizabeth M. BYRNE, Administratrix of the Estate of Steven Ronald Kabler, a minor, Deceased,**

v.

**SIMCO SALES SERVICE OF PENNA., INC.**

**Civ. A. No. 23885.**

United States District Court
E. D. Pennsylvania.

Jan. 7, 1960.

John J. McCarty, Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Richard D. Harburg, Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

EGAN, District Judge.

The administratrix of a minor decedent is suing under the Pennsylvania wrongful death act, 12 P.S. §§ 1601, 1602, and under the Pennsylvania survival act, 20 P.S. § 320.603. Jurisdiction of this court derives from diversity of citizenship.

The decedent was killed while driving the defendant company's truck under a lease agreement whereby the decedent used the truck to sell ice cream products supplied to him by the defendant. The

plaintiff charges the defendant with failure to maintain the truck in safe operating condition.

The defendant's answer, for its fourth defense, cites the written contract between the decedent and the defendant, in which the decedent agreed to hold the defendant harmless for any injury suffered by him arising from the use of the truck.

The plaintiff now moves to dismiss this defense as legally insufficient, arguing that this provision of the contract is not enforceable against her, since under Pennsylvania law the minor decedent did not have capacity to contract. The defendant takes the position that the plaintiff is suing on the contract and therefore may not, while suing on it, seek to avoid a portion of it.

■■ The plaintiff's motion will be granted. Pennsylvania public policy calls for protection of minors by denying enforcement of their contracts, other than for necessities. In re O'Leary's Estate, 1945, 352 Pa. 254, 42 A.2d 624. This rule would be especially applicable where the minor has by means of an exculpatory clause apparently contracted away his right to recover damages.[1]

■ We see no reason why the administratrix is not a proper party to take advantage of the decedent's minority and

disavow his promise to hold the defendant harmless.[2]

### Order

And Now, this 7th day of January, 1960, the fourth defense of the defendant's answer is Dismissed.

---

1. It is questionable whether under Pennsylvania law such an exculpatory clause would be given effect even against an adult. Exculpatory contracts are not favored and are to be strictly construed against those seeking their benefit. Crew v. Bradstreet Co., 1890, 134 Pa. 161, 19 A. 500, 7 L.R.A. 661; Morton v. Ambridge, 1954, 375 Pa. 630, 101 A.2d 661. Especially is this so where the agreement does not specify exculpation from liability for *negligence*. Morton v. Ambridge, supra; Foster v. Pennsylvania Railroad Co., D.C.E.D.Pa.1952, 104 F. Supp. 491, affirmed 3 Cir., 1953, 201 F.2d 727; but see Rundell & Co. v. Lehigh Valley Railroad Co., 1916, 254 Pa. 529, 98 A. 1054, and Atherton v. Clearview Coal Co., 1920, 267 Pa. 425, 110 A. 298.

2. It should be kept in mind that there are different causes of action under the two statutes, but under either the administratrix may not recover unless the decedent, had he lived, would have been able to maintain an action arising from the accident. This is so in the case of the survival act by the wording of the statute itself, 20 P.S. § 320.603. The Pennsylvania Supreme Court has construed the wrongful death act as if it expressly provided that a cause of action lies only if the decedent could have had a cause of action. Kaczorowski v. Kalkosinski, 1936, 321 Pa. 438, 184 A. 663, 104 A.L.R. 1267. Accordingly, if the exculpatory clause would have been effective against the decedent, it is effective against the plaintiff. Contra (with regard to the wrongful death action) : Brown v. Moore, 3 Cir., 1957, 247 F.2d 711, 722.