## Scoop Inc. v. Century III Associates

*Marshall J. Tindall,* for plaintiff.
*Arthur R. Gorr, Larry A. Silverman* and *David A. Cicola,* for defendants.

STANDISH, *J.,* October 28, 1986 —

I

Before the court is the motion of defendant, Century III Associates, for summary judgment pursuant to Pa.R.C.P. 1035. Defendant maintains that it is released from any liability for damages to plaintiff,

Scoop Inc., by the provisions of the lease agreement between the parties because of the admitted recovery by plaintiff of insurance proceeds covering the loss occasioned by a burglary in the leased premises. For the reasons set forth below, defendant's motion for summary judgment will be granted.

## II

On 'the evening of August 24, 1982, assistant manager Michelle Larsenese of plaintiff's Century III Mall store closed the store and activated the burglar alarm. Between 12:30 a.m. and 1:00 a.m. on August 25, 1982, she was called back to the store by mall security because the burglar alarm had sounded. A search of the store revealed that nothing had been disturbed.

The assistant manager reset the burglar alarm prior to her departure. However, the manager James Michael arrived at the store at 9:00 a.m. on August 25, 1982, he discovered that many of the clothing racks had been emptied.

Plaintiff has filed suit against this defendant and others for damages arising out of this burglary. The complaint alleges that this defendant, as lessor, was negligent and breached its lease agreement with plaintiff, as lessee, by failing to provide adequate security on the mall premises.

## III

A motion for summary judgment should be granted only in cases where there exists no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Vend-A-Matic, Inc. v. Frankford Trust Co., 296 Pa. Super. 492, 442 A.2d 1158 (1982). For the reasons described below, the court finds there is no genuine issue of material fact as to the claims asserted by plaintiff in its complaint with regard to defendant.

Accordingly, defendant is entitled to summary judgment in its favor as a matter of law.

The parties entered into a lease agreement regarding retail space in a shopping mall complex. Defendant contends that paragraphs 6 and 7 of Article XIV of the lease agreement relieves it from liability, which might otherwise exist, for the burglary of plaintiff's store on August 25, 1982. The relevant part of these provisions read as follows:

"6. Lessee shall carry insurance against fire and such other risks as are from time to time included in standard extended coverage insurance for the full insurable value of all improvements provided by lessee as set forth in Exhibit "A", Part II, "Lessee's Work Done at Lessee's Expense". Lessee shall also carry said insurance for the full insurable value of lessee's merchandise, trade fixtures, furnishings, wall covering, carpeting, drapes, equipment and all other items of personal property of lessee located on or within the demised premises. Any insurance policies required to be carried pursuant to this paragraph shall name lessor as an additional insured, and lessee shall furnish lessor evidence of such insurance coverage. Such insurance policies may not be modified or terminated without 30 days advance notice to lessor.

"7. Each party hereto (releasing party) hereby releases the other (released party) from any liability which the released party would, but for this paragraph, have had to the releasing party arising out of or in connection with any accident or occurrence of casualty. . . (ii) to the extent of recovery under any other casualty or property damage insurance being carried by the releasing party at the time of such accident or occurrence or casualty, which accident or occurrence or casualty may have resulted in whole

or in part from any act or neglect of the released party, its officers, agents or employees."

Plaintiff asserts that under paragraph 5 of Article XII of the lease agreement, defendant agreed to provide security for the tenants of the complex; and defendant's failure to provide such security resulted in the burglary in question. Paragraph 5 reads in pertinent part:

"5. Lessor shall provide personnel and equipment to police the malls and other common areas as may in lessor's opinion be necessary to maintain order, security, traffic and pedestrian control and protect the person and property of the general public and the tenants, their agents and employees while upon the shopping center premises."

Plaintiff maintains that it would be unconscionable and against public policy to relieve defendant of its contractual duty to provide security. Moreover, plaintiff claims that Article XII, paragraph 5 would be rendered null and void if Article XIV, paragraph 7 were construed to relieve defendant of liability for its own negligence. The court does not agree.

In determining the validity of an exculpatory clause contained in a lease, the Pennsylvania Supreme Court in Dilks v. Flohr Chevrolet Inc., 411 Pa. 425, 436, 192 A.2d 682, 688 (1963), stated:

"The principle which underlies all these cases is that, where a person claims that, under the provisions and terms of a contract, he is rendered immune from and relieved of any liability for negligent conduct on his part or on the part of his employees, the burden is upon such person to prove (a) that such contractual provisions and terms do not contravene public policy and (b) that the provisions and terms of the contract clearly and unequivocally spell out the intent to grant such immunity and relief

from liability. Absent such proof, the claim of immunity falls."

Addressing plaintiff's public policy argument first, the court in Dilks, supra, cited examples of exculpatory clauses that were found to be invalid because they contravened a matter of interest to the public or the state. Such cases involved bailees, banks and common carriers. 411 Pa. at 434, Footnote 9.

A clause in an insurance contract which sought to exculpate the insurer for torts committed by its agent while acting within the scope of his employment was found to be void as against public policy. Rempel v. Nationwide Life Ins. Co., Inc., 227 Pa. Super. 87, 323 A.2d 193 (1974), aff'd 471 Pa. 404, 370 A.2d 366 (1977). Also, an attempt by a negligent party to exculpate himself for a violation of either a statute or regulation intended for the protection of human life has been held to be invalid. Warren City Lines, Inc. v. United Refining Co., 220 Pa. Super. 308, 287 A.2d 149 (1971).

Clearly, a tenant's waiver of the landlord's responsibility for losses resulting from the landlord's negligence — to the extent that the loss is covered by insurance — does not contravene the public policy of the Commonwealth of Pennsylvania, nor is it unconscionable. The fact that the parties are both corporations involved in a commercial—as opposed to a consumer—transaction, makes this conclusion even more compelling. Therefore, this contention of plaintiff is meritless.

Turning to the requirement of clear and unequivocal intent to grant such immunity from liability, plaintiff maintains that the lease agreement does not clearly and unequivocally release defendant from liability. The Pennsylvania Supreme Court in Employers Liability Assurance Corp. v.

Greenville Businessmen's Ass'n., 423 Pa. 288, 292, 224 A.2d 620, 623 (1966), reviewed the required language in contracts seeking to give parties immunity from negligence and stated: ". . . such contracts 'must spell out the intention of the parties with the greatest of particularity' (Morton v. Ambridge Borough, 375 Pa. 630, 635, 101 A.2d 661, 663 (1954)) and '. . . [n]o inference from words of general import can establish it.' (Perry v. Payne, 217 Pa. 252, 262, 66 A. 553, 557 (1907))." See also, Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, 404 Pa. 53, 171 A.2d 185 (1961). An exculpatory clause is essentially one of general import if it does not include the word negligence or any related terms. Neville Chemical Co. v. Union Carbide Corp., 422 F.2d 1205, 1220 (1970).

In the case at bar, the provisions of the lease agreement between the parties expresses a clear and unequivocal intent that defendant be released from liability for such occurrences as the burglary of August 25, 1982, to the extent that the loss sustained by plaintiff was covered by insurance.

Paragraph 7 of Article XIV is not an exculpatory clause of "general import." It requires no inference or presumption to satisfy the standard of clarity of intent essential to uphold defendant's claim of immunity. It specifically states that it is applicable to occurrences which "may have resulted in whole or in part from any act or *neglect* of the [defendant], its officers, agents or employees; . . ." (Emphasis added.)

Finally, plaintiff's argument that Article XII, paragraph 5, would be meaningless if defendant is relieved of liability is equally unpersuasive. Defendant would only be relieved of liability for failure to comply with the provisions of paragraph 5 to the extent

that any loss sustained by plaintiff, as a result of such non-compliance, was covered by insurance.

An order follows.

## ORDER

And now, this October 28, 1986, in accordance with the foregoing memorandum, it is hereby ordered that the motion of defendant, Century III Associates, for summary judgment against plaintiff, Scoop, Inc., be, and the same is hereby, granted, and that the prothonotary be, and hereby is, directed to enter summary judgment in favor of said defendants and against plaintiff.