655 So.2d 1286 (1995)
Leon JOHNSON, Petitioner,
v.
Charles FELTON, Director, Dade County Corrections and Rehabilitation, Respondent.
No. 95-1095.
District Court of Appeal of Florida, Third District.
June 7, 1995.
*1287 Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for petitioner.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for respondent.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.

ON CONFESSION OF ERROR
COPE, Judge.
Leon Johnson petitions for a writ of habeas corpus to secure his release from incarceration for civil contempt. On the State's confession of error, which we find to be well taken, we grant the petition and quash the contempt order.
Petitioner Johnson was brought before a hearing officer on a motion for contempt for failure to pay child support. It is undisputed that Johnson has not paid the court-ordered support amount. The general master summarized the testimony and recommendation as follows:
The Respondent testifies that he is tired of work and has not worked since 1985. The Respondent is 39 years old, and testifies that he lives with his mother. Upon further inquiry, the Respondent testifies that he does odd jobs, such as yard maintenance. The Respondent estimates that he earns $60-80.00 per week doing 3-4 lawns. Thereafter, the Respondent states that he "no longer is tired of work." The Respondent has failed to pay any support whatsoever. The Court finds that the Respondent has the present ability to pay support, but refuses to work. The Court finds the Respondent in willful contempt of court, and sentences him to 120 days in jail. Purge is set in the amount of $1500.00...."
The transcript also reflects:
[Assistant State Attorney]: Your Honor's finding he has present ability to pay pursuant to case law [inaudible]?
The General Master: I find he has the ability to work and he doesn't want to work. He refuses to accept his responsibilities to society.
With respect to Johnson's ability to pay the $1,500 purge amount, the hearing officer checked the following block on a standard form order:
CONTEMPT  The Obligor is found in willful contempt because:
The Obligor presently has and previously has had the ability to comply with the Court's Order, in whole or in part, but has willfully failed and refused to do so and the Obligor has the present ability to pay the purge set forth below.

(Emphasis added). The hearing officer's report was approved by the Circuit Court and *1288 Johnson was incarcerated. This petition for writ of habeas corpus follows.[1]
In order to impose incarceration for a civil contempt, there must be an affirmative finding that the obligor has the present ability to pay the purge amount. Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla. 1985); see also Gibson v. Bennett, 561 So.2d 565, 570-71 (Fla. 1990). If the contemnor does not have the present ability to pay the purge amount, then the trial court may only impose non-incarcerative sanctions for contempt. Bowen, 471 So.2d at 1279. See generally Pino v. Felton, 647 So.2d 335 (Fla. 3d DCA 1995); Siegel v. Felcher, 636 So.2d 872 (Fla. 3d DCA 1994); Laing v. Laing, 574 So.2d 279 (Fla. 3d DCA 1991). This rule applies even if the person has willfully or negligently divested himself of the ability to pay. Cummins v. Cummins, 615 So.2d 173, 176 (Fla. 5th DCA 1993); LeNeve v. Navarro, 565 So.2d 836, 837 (Fla. 4th DCA 1990). As the State properly concedes, there is no evidence in this record that Johnson has the present ability to pay the purge amount of $1,500. The fact that Johnson has the ability to work and earn $1,500 in the future does not mean that Johnson has a present source for $1,500 so that he can pay the $1,500 purge amount by the purge deadline.[2] Since there was no evidence of present ability to pay the purge amount, incarceration for civil contempt should not have been ordered.
It appears that the hearing officer's primary intent was to punish Johnson for refusal to work. That objective cannot be accomplished by the use of a civil contempt incarceration order.
If in an appropriate case the trial court desires to employ contempt as a punitive sanction, that must be accomplished by initiating proceedings for indirect criminal contempt under Florida Rule of Criminal Procedure 3.840.[3]See Bowen, 471 So.2d at 1277; Pugliese v. Pugliese, 347 So.2d 422, 426 (Fla. 1977); De Mauro v. State, 632 So.2d 727, 729 (Fla. 3d DCA 1994). In such a case the procedures specified in Rule 3.840 must be carefully adhered to and include, among other things, the right of the defendant to the assistance of counsel. Id. R. 3.840(d). Those procedures were never initiated in this case.
In the present case the civil contempt incarceration order is deficient under Bowen. Accordingly, the petition for writ of habeas corpus is granted. The order dated March 23, 1995 is quashed.
Habeas corpus granted.
NOTES
[1] Petitioner was ordered released on his own recognizance pending this court's decision on the petition for writ of habeas corpus.
[2] Johnson was ordered to pay the $1,500 purge amount immediately.
[3] A contempt committed in the presence of the court is governed by Rule 3.830.