655 So.2d 1316 (1995)
Gerry FENNELL, Petitioner,
v.
Charles FELTON, Director, Dade County Correctional, Etc. Respondent.
No. 95-1094.
District Court of Appeal of Florida, Third District.
June 14, 1995.
*1317 Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for petitioner.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for respondent.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
This is an application for habeas corpus challenging the incarceration of the petitioner for contempt and sentencing him to 45 days in the county jail for failure to make court-ordered child support payments. The order contained a purge condition permitting the petitioner to gain his immediate release upon the payment of $1,000 into the central depository of the court.
It is undisputed that the petitioner was in arrearage for child support payments as of March 17, 1995 in the sum of $5,189.29. When he failed to appear before the master, pursuant to notice, he was taken into custody by a writ of bodily attachment and brought before a master where it was established through his testimony that he had the ability, as a self-employed mechanic, to earn $200 per week. On this evidence, the master found that petitioner had the present ability to pay the required child support payments and had wilfully failed to do so. Through petitioner's own testimony it was established that he had the present ability to pay $100 to purge himself of contempt. No other evidence was adduced to show his present assets or capacity to purge himself of the $1,000 requirement. The master did not make a finding that petitioner had the present ability to purge himself of the contempt  nor would the record support such a finding. The master's other findings and recommendations were confirmed by a circuit court judge.
In a civil contempt proceeding, the introduction of a support or alimony order creates a presumption that the defaulting party had the ability to make the required payment. The burden is upon the defaulting party to come forth with evidence to dispel *1318 the presumption. In such a proceeding, there must be a separate affirmative finding that the contemnor not only has the present ability to pay but also the ability to satisfy the purge condition. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985).
When a trial court has before it a party that has been refractory in court-ordered payments, it has in addition to proper civil contempt order, wide latitude in employing other remedies to ferret out assets and to otherwise compel obedience to its orders including institution of a criminal contempt proceeding.
In this case, the state concedes the allegation of the petition but implores us to reverse and remand the matter to the trial court to reduce the monetary purge and to reconsider the non-incarceration purge option to permit the trial court to consider possible criminal contempt proceedings. We decline to do so. The office and function of a writ of habeas corpus is to make a precise and definitive inquiry as to whether one's liberty is legally restrained. To honor the state's request would be to turn such an extraordinary proceeding into a general inquiry in the nature of appellate review.
The petition for habeas corpus is granted with directions to discharge the petitioner.