PER CURIAM.
Because, as the respondent jailer apparently concedes, the record not only does not support, but is directly contrary to the trial court’s pro forma finding that the petitioner, who is incarcerated pursuant to an order of civil contempt for his failure to pay child support, has the present ability to pay the purge amount, the petition for Habeas Corpus is granted with directions that he forthwith be discharged from custody. Betancourt v. Manning, 679 So.2d 88 (Fla. 3d DCA 1996); Roundtree v. Felton, 656 So.2d 584 (Fla. 3d DCA 1995); Johnson v. Felton, 655 So.2d 1286 (Fla. 3d DCA 1995); Blanco v. Roth, 655 So.2d 213 (Fla. 3d DCA 1995). See generally Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997).
Petition granted.[1]

. This action is of course without prejudice to any appropriate action to secure Chandler’s compliance with his support obligations.