PER CURIAM.
The order finding the petitioner in civil contempt and committing him to jail for his failure to pay past due child support is deficient on its face because, as the state concedes, the order does not contain a finding that petitioner has the present ability to pay the purge amount. See Chandler v. Manning, 22 Fla. L. Weekly D823, — So.2d -- (Fla. 3d DCA March 27, 1997); Betancourt v. Manning, 679 So.2d 83 (Fla. 3d DCA 1996); Johnson v. Felton, 655 So.2d 1286 (Fla. 3d DCA 1995); Fennell v. Felton, 655 So.2d 1316 (Fla. 3d DCA 1995); Pino v. Felton, 647 So.2d 335 (Fla. 3d DCA 1995). Moreover, the record contains no evidence that he, in fact, has that ability. See Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). As a result, the judgment in habeas corpus sought is hereby awarded.
Habeas corpus granted, we order respondent to release petitioner forthwith.