717 So.2d 59 (1998)
Miguel GARCIA, Petitioner,
v.
Donald MANNING, Director, Dade County Department of Corrections and Rehabilitation, Respondent.
No. 98-60.
District Court of Appeal of Florida, Third District.
February 4, 1998.
Bennett H. Brummer, Public Defender, and John E. Morrison, Assistant Public Defender, for petitioner.
Robert A. Butterworth, Attorney General, and Sandra S. Jaggard, Assistant Attorney General, for respondent.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
SORONDO, Judge.
The respondent properly concedes that the order finding the petitioner in civil contempt and committing him to jail for his failure to pay past due child support was improperly entered because the record in this case is devoid of any evidence that petitioner has the present ability to pay the purge amount. Portee v. Manning, 702 So.2d 546 (Fla. 3d DCA 1997); Raba v. Manning, 696 So.2d 1367 (Fla. 3d DCA 1997); Paez v. Manning, 696 So.2d 1368 (Fla. 3d DCA 1997); Brown v. Manning, 696 So.2d 1367 (Fla. 3d DCA 1997); Rashid v. Manning, 22 Fla. L. Weekly D830, ___ So.2d ___ (Fla. 3d DCA Mar. 27, 1997); Chandler v. Manning, 22 Fla. L. Weekly D823, ___ So.2d ___ (Fla. 3d DCA Mar. 27, 1997); Betancourt v. Manning, 679 So.2d 83 (Fla. 3d DCA 1996); Fennell v. Felton, 655 So.2d 1316 (Fla. 3d DCA 1995); Johnson v. Felton, 655 So.2d 1286 (Fla. 3d DCA 1995); Pino v. Felton, 647 So.2d 335 (Fla. 3d DCA 1995).[1]
We address the facts of this case due to what we perceive to be a purposeful disregard for the law in this area by the lower court. The petitioner herein was brought before the court by the Department of Corrections because he was in custody, and had been for the previous ninety days.[2] At the hearing, the state's attorney advised the judge that petitioner had not paid child support for several years. The judge told petitioner that he wanted him to pay $1,000 immediately. Petitioner responded that he *60 did not have the money. He advised the court that when he worked he earned approximately $50 per day but that because he had been incarcerated for 90 days he did not have any money whatsoever. There is nothing in this record to rebut petitioner's testimony. Regardless of this obvious lack of evidence as to the petitioner's ability to pay, the court found petitioner in civil contempt, sentenced him to 60 days in jail and set the purge amount at $1,000. The most disturbing part of the proceedings below is the following exchange:
COURT: He won't stay in sixty days. The Public Defender will have him out.
CORRECTIONS OFFICER: He's been in ninety days and his bond was $1,500.
COURT: Was what?
CORRECTIONS OFFICER: His bond was 1500, and he's been in ninety days.
COURT: But notthe Public Defender will file a writ. He'll be out in twenty days.
It is clear to us that the corrections officer was trying to tell the judge that if the petitioner had the thousand dollars in question he would surely have used it to bond out of jail. It is equally clear, as evidenced by his prediction of petitioner's success before this court, that the judge was aware of the legal insufficiency of his judgment when he ordered the petitioner incarcerated.
Canon 3 B(2) of the Code of Judicial Conduct reads as follows:
A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.
The appellate decisions cited above are but a few of the many that have been issued by this and other District Courts on the subject presently under review. The trial judge in this case was also the judge in Portee, Raba and Brown. At this point in time, he should know better.[3]
It is the ethical responsibility of all judges in the State of Florida to know the law and to faithfully follow it. The continued failure to apply the law correctly in these hearings in the future will require us to refer the offending judge, or judges, to the Judicial Qualifications Commission for consideration of appropriate disciplinary measures.[4]
Habeas Corpus granted.
NOTES
[1] These reported opinions represent less than one-half of the petitions for writs of habeas corpus granted by this court on this issue and from the child support division. The greater percentage have been handled by way of clerk's orders.
[2] The petitioner was incarcerated on charges of driving under the influence of alcohol and petit theft. He was brought before the lower court on this case after he was acquitted on the DUI charge and after pleading guilty to the charge of petit theft.
[3] We note that this is not the only judge assigned to conduct these child support hearings who has been less than faithful to the letter of the law. Our concern addresses what now appears to be a pattern of either purposeful misapplication or, at best, willful ignorance of the law in this area by more than one judge.
[4] It is clear that the presiding judge is ultimately responsible for a determination of civil contempt. We cannot help but observe, however, that the prosecutor in this case, although clearly failing to establish the petitioner's ability to pay the purge amount, nevertheless encouraged the judge to incarcerate him. In Dilallo By and Through Dilallo v. Riding Safely, Inc., 687 So.2d 353, 355 (Fla. 4th DCA 1997), the Fourth District Court of Appeal said:

We note that the Rules of Professional Conduct of the Florida Bar require candor toward the tribunal, and a duty of competence. Rule 4-1.1 and Rule 4-3.3(3) imply a duty to know and disclose to the court adverse legal authority. We construe these rules to also require an attorney to provide full information to the trial court such that the court has all necessary information to determine the issue presented to it.
We agree. In this case it should have been readily apparent to the prosecutor that he or she (the record does not identify the prosecutor) had failed to satisfy the required burden of proof. The prosecutor was therefore ethically bound to direct the court's attention to the absence of any evidence establishing the petitioner's ability to pay the purge amount. This obligation is particularly important in cases such as this where the opposing party is unrepresented. On numerous occasions the District Courts have said that a prosecutor's "duty is ... to seek justice." Kirk v. State, 227 So.2d 40, 43 (Fla. 4th DCA 1969). See also Sandoval v. State, 689 So.2d 1258 (Fla. 3d DCA 1997); Rosso v. State, 505 So.2d 611 (Fla. 3d DCA 1987); Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla.1980). Further departures from these ethical guidelines will require a referral to The Florida Bar for disciplinary action.