PER CURIAM.
Petitioner, Benjamin Blackwelder, seeks a writ of habeas corpus to obtain his release from county jail, where he is held pursuant to a civil contempt order. The circuit court found petitioner in civil contempt for willful failure to make alimony payments and ordered him incarcerated for a period of 90 days, subject to a purge in the amount of $15,000.
At issue is whether the evidence supported the court’s finding that Blackwelder has the present ability to pay the purge. At the hearing, it was Blackwelder’s burden to show that he lacked the ability to purge himself from the contempt. See § 61.14(5)(a), Fla. Stat. (1997). The trial judge was openly skeptical that he could meet his burden. At the inception of the hearing, the judge stated, “If he (petitioner) can show he has no ability to pay any support, he can walk out of here. I don’t think he can do that.” Thereafter, the judge concluded that Blackwelder maintained control over a formerly owned business known as Medical Oxygen, Inc., and derived income from it, although there was no evidence to support that conclusion. Indeed, the unrefuted evidence at the hearing showed that on June 8, 1998, Blackwelder offered to sell the business to his former wife in open court for $20,000, the contempt purge amount at that time. The offer was declined by the wife even though it required no financing by her and she was experienced in operation of the business. Blackwelder thereafter con *524 veyed the business to Ms mother for $20,-000, which amount he then paid to the former wife to satisfy the purge provision. As the former wife in 1998 rejected the offer to acquire the business for $20,000, the circuit court’s finding that the present value of the business is $225,000 conflicts with the evidence. Moreover, there was no evidence of other income or assets which could be used by Blackwelder to obtain his release from prison. He testified that he owned no intangible property, no real property, and no automobile. He further testified, without contradiction, that his only income is a monthly disability check in the amount of $703.00 that he receives from the Social Security Administration. Blackwelder now lives in West Virginia in a house owned by his girlfriend. Since he met his burden of proof by showing a present inability to pay the purge, the trial court erred in incarcerating him based on the finding of civil contempt. Cf. Clark v. Manning, 721 So.2d 793 (Fla. 3d DCA 1998) (petitioner’s unrefuted affidavit sufficient to establish present inability to pay so court lacked authority to order petitioner jailed for civil contempt); Garcia v. Manning, 717 So.2d 59 (Fla. 3d DCA 1998) (error to find obligor in civil contempt and to commit him to jail for failure to pay past due support absent evidence of present ability to pay); LeNeve v. Navarro, 565 So.2d 836 (Fla. 4th DCA 1990). The petition is therefore granted, and the petitioner, Benjamin Blackwelder, shall be discharged from custody without delay. All future hearings involving this petitioner shall be before a different judge.
PETITION GRANTED; PETITIONER DISCHARGED FROM CUSTODY.
COBB and THOMPSON, JJ., concur.
HARRIS, J., concurs specially with opinion