**James BAYNE and Rose Bayne, Appellants**

v.

**Ashlee SMITH, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 16, 2008.
Filed Jan. 26, 2009.

Charles E. Kurowski, Canonsburg, for appellant.

Jennifer L. Sinclair, Washington, for appellee.

BEFORE: FORD ELLIOTT, P.J., ORIE MELVIN, and SHOGAN, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellants, James and Rose Bayne (Landlord), appeal from the trial court's refusal to include attorney's fees as part of the judgment entered against Appellee, Ashlee Smith (Tenant), in this Landlord/Tenant dispute. After review, we find the trial court erred in refusing to permit recovery of attorney's fees and remand for further proceedings in accordance with this opinion.

¶ 2 The facts and procedural background of this matter may be summarized as follows. The parties entered into a written month-to-month residential lease for the premises located at 1079 Michigan Avenue in Washington County, Pennsylvania. Landlord instituted an action before the Magisterial District Justice seeking recovery of possession for failure to pay rent and damages to the premises. Following a judgment in favor of the Landlord, Tenant filed an appeal for a trial *de novo* before the Court of Common Pleas. On May 1, 2007, the trial court entered an order upon the consent of the parties, finding judgment in favor of the Landlord and against Tenant in the amount of $410.14, for breach of the lease. This amount represented property damages and partial rent, less the security deposit of $175.00 previously paid by Tenant. Additionally, the order directed that entry of said judgment would be stayed pending a determination by the trial court on Landlord's request, pursuant to paragraph 13 of the lease, for inclusion of attorney's fees. The court granted the parties until May 30, 2007 to submit written briefs on the issue of attorney's fees. Following the submission of briefs and oral argument thereon, the trial court entered an Order and Judgment on August 29, 2007 finding judgment in favor of Landlord in the amount of $410.14 but denying Landlord's request for inclusion of attorney's fees in the amount of the judgment. This timely appeal followed, wherein the sole issue concerns the enforceability of paragraph 13.

¶ 3 It is well-established that Pennsylvania courts apply principles of contract law to cases involving residential leases. *Pugh v. Holmes,* 253 Pa.Super. 76, 384 A.2d 1234, 1240 (1978), *affirmed,* 486 Pa. 272, 405 A.2d 897 (1979). Thus, contract remedies are available to both the landlord and the tenant. *Id.* "The interpretation of a contract is a question of law." *Halpin v. LaSalle University,* 432 Pa.Super. 476, 639 A.2d 37, 39 (1994), *appeal denied,* 542 Pa. 670, 668 A.2d 1133 (1995). As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary. *In re Private Crim. Complaint of*

*Wilson,* 879 A.2d 199, 214 (Pa.Super.2005) (footnotes omitted).

¶ 4 Landlord asserts that the lease represents a clear agreement between the parties altering the general rule concerning recovery of attorneys' fees from an adverse party, and, as such, it is enforceable. Tenant counters that while there was a provision in the lease for attorney's fees, there was no evidence submitted by Landlord that there was a clear meeting of the minds or bargained-for exchange regarding this provision. Consequently, Tenant submits that the lease is an adhesion contract, and the attorney's fee provision is unconscionable and, therefore, unenforceable.

¶ 5 The general rule in this Commonwealth is that there is no recovery of attorney's fees from an adverse party in the absence of an express statutory authorization, clear agreement between the parties, or the application of a clear exception. *Neal v. Bavarian Motors, Inc.,* 882 A.2d 1022, 1032 n. 11 (Pa.Super.2005), *allocatur denied* 589 Pa. 722, 907 A.2d 1103 (2006). Generally, landlords and tenants can include in a lease any terms and conditions that are not prohibited by statute or other rule of law. The Landlord and Tenant Act of 1951 [1] does not specifically provide for the recovery of attorney's fees nor does it prohibit inclusion of a fee shifting provision in rental agreements. Furthermore, we are not presented with any applicable exceptions to the general rule. Consequently, the validity of the instant provision is solely dependent upon contract law. *See Pugh v. Holmes,* supra at 1240 (stating "a lease, be it written or oral, periodic or at will, is to be controlled by the principles of contract law."). Where the language of a lease is clear and unequivocal, its meaning will be determined

by its contents alone in ascertaining the intent of the parties. *Seven Springs Farm v. Croker,* 569 Pa. 202, 207–208, 801 A.2d 1212, 1215 (2002).

¶ 6 "An adhesion contract is defined as a. 'standard form contract prepared by one party, to be signed by the party in a weaker position, [usually] a consumer, who has little choice about the terms.'" *Robson v. EMC Ins. Cos.,* 785 A.2d 507, 510 (Pa.Super.2001) (quoting Black's Law Dictionary (7th ed.1999)). Moreover, our Supreme Court has found that the common-law application of the doctrine of unconscionability is largely consonant with Section 208 of the Second Restatement of Contracts, and provides that

a contract or term is unconscionable, and therefore avoidable, where there was a lack of meaningful choice in the acceptance of the challenged provision and the provision unreasonably favors the party asserting it. *See Denlinger, Inc. v. Dendler,* 415 Pa.Super. [164,] 177, 608 A.2d [1061,] 1068 [ (1992) ] (citing *Witmer v. Exxon Corp.,* 495 Pa. 540, 551, 434 A.2d 1222, 1228 (1981)). The aspects entailing lack of meaningful choice and unreasonableness have been termed procedural and substantive unconscionability, respectively. *See generally* 17A Am.Jur.2d Contracts § 278 (2006). The burden of proof generally concerning both elements has been allocated to the party challenging the agreement, and the ultimate determination of unconscionability is for the courts. *See Bishop v. Washington,* 331 Pa.Super. 387, 400, 480 A.2d 1088, 1094 (1984); *accord* 13 Pa.C.S. § 2302.

*Salley v. Option One Mortg. Corp.,* 592 Pa. 323, 331–332, 925 A.2d 115, 119–120 (2007). Accordingly, in order to find the instant

---

1. 68 P.S. §§ 250.101 *et seq.*

fee-shifting provision unenforceable it was incumbent upon Tenant to show that she lacked a meaningful choice about whether to accept the provision in question and that the challenged provision unreasonably favored Landlord. *Id.*

¶ 7 In concluding Tenant was not liable for Landlord's legal fees, the trial court opined that:

> many residential tenants enter into standard form leases, such as the lease in question, and the lease is seldom the result of any negotiating between the parties. In *Galligan v. Arovitch,* 421 Pa. 301[, 219 A.2d 463] (1966), the Pennsylvania Supreme Court recognized that many residential landlords are unwilling to strike clauses that favor them; as a result, the tenant has no bargaining power and must accept the landlord's terms.... In [*Commonwealth by Creamer v. Monumental Properties, Inc.,* 459 Pa. 450, 485–486, 329 A.2d 812, 830 (1974)], the [Supreme] Court concluded that a party who seeks to enforce a provision in a standard form lease has the burden of showing that the provision was in fact explained to the tenant by the landlord, that it came to the tenant's knowledge, and that there was in fact a "real and voluntary meeting of the minds and not merely an objective meeting." *Id.* at 830.

Trial Court Opinion, 11/13/06, at 3. We find that the trial court's reliance on *Galligan* and *Monumental Properties* is misplaced, and Tenant has failed to satisfy her burden as to unconscionability.

¶ 8 In *Galligan,* the tenant had been injured on the lawn of the landlord's apartment building. The standard form lease the tenant had signed contained a lengthy exculpatory clause which listed, among other things, seven places from which the landlord was relieved of liability for injury or damage. Although hallways and sidewalks were listed exclusions, lawns were not. Thus, following the rule that any document which reduces legal rights that would otherwise exist must spell out "with the utmost particularity" the intention of the parties, *Morton v. Ambridge Borough,* 375 Pa. 630, 635, 101 A.2d 661, 663 (1954), and the rule of construction that a written instrument is to be strictly construed against the maker, *Darrow v. Keystone,* 365 Pa. 123, 74 A.2d 176 (1950), our Supreme Court found the exculpatory clause did not protect the landlord in that particular case. *Galligan,* 421 Pa. at 304, 219 A.2d at 465. Mr. Justice Cohen further opined: "[t]here are, however, policy considerations which, though not necessary to this decision, are the writer's personal observation and do bear some relevance." *Id.* Justice Cohen then commented that

> [t]he exculpatory clause is today contained in every form lease and, understandably enough, landlords are unwilling to strike therefrom that provision which strongly favors them. Thus it is fruitless for the prospective tenant of an apartment to seek a lease having no exculpatory clause. The result is that the tenant has no bargaining power and must accept his landlord's terms. There is no meeting of the minds, and the agreement is in effect a mere contract of adhesion, whereby the tenant simply adheres to a document which he is powerless to alter, having no alternative other than to reject the transaction entirely. It is obvious that analysis of the form lease in terms of traditional contract principles will not suffice, for those rules were developed for negotiated transactions, which embody the intention of both parties.

*Id.*

¶ 9 In *Monumental Properties* the specific question was "whether the Consumer Protection Law requires a landlord to noti-

fy a tenant in a lease of the tenant's statutory rights, because allegedly the absence of this notification is misleading or confusing to the tenant as [a] consumer of housing services." *Monumental Properties*, at 483, 329 A.2d at 829. In concluding that the leasing of residential real estate is covered by the Consumer Protection Law, our Supreme Court quoted a passage from the Indiana Supreme Court case of *Weaver v. American Oil Co.*, 257 Ind. 458, 276 N.E.2d 144 (1971), wherein a landlord-oil company used a printed form lease "which contained, in addition to the normal leasing provisions, a 'hold harmless' clause which provided in substance that the leasee [sic] operator would hold harmless and also indemnify the oil company for any negligence of the oil company occurring on the leased premises." *Id.* at 459, 276 N.E.2d at 145. The full passage reads as follows:

> The burden should be on the party submitting such a package [i.e., a standardized mass contract] in printed form to show that the other party had knowledge of any unusual or unconscionable terms contained therein. The principle should be the same as that applicable to implied warranties, namely that a package of goods sold to a purchaser is fit for the purposes intended and contains no harmful materials other than that represented. Caveat lessee is no more the current law than caveat emptor....
>
> ... The party seeking to enforce such a contract has the burden of showing that the provisions were explained to the other party and **came to his knowledge** and there was in fact **a real and voluntary meeting of the minds and not merely an objective meeting.**

*Monumental Properties*, at 485–486, 329 A.2d at 830 (quoting *Weaver, supra*, at 464, 276 N.E.2d at 147–148) (emphasis in original, internal quotation marks omitted).

¶ 10 In light of the trial court's reliance on Justice Cohen's comments in *Galligan* and the quoted passage from the Indiana Supreme Court, we are compelled to reiterate Justice Cohen's own observation that his remarks are mere *obiter dicta*, and the holding of *Monumental Properties* is clearly not supportive of the arguments advanced by the trial court and Tenant in the context of the provision at issue in this case. The fact that in *Monumental Properties* our Supreme Court held, for strong policy reasons, that the leasing of residences falls within the ambit of the Unfair Trade Practices and Consumer Protection Law, Act of December 17, 1968, P.L. 1224, §§ 1–9, 73 P.S. §§ 201–1 to 201–9 (1971), does not require us to ignore the traditionally accepted principles concerning adhesion contracts and unconscionability. Moreover, in this case we are not concerned with the validity of an exculpatory clause contained within a mass produced standardized printed form lease. Rather, the instant document is a simple two page lease containing a fee-shifting provision, which is not typically found in every lease. The provision at issue reads as follows:

> **Attorney's Fees.** The prevailing party in an action brought for the recovery of rent or other money's [sic] due or to become due under this lease or by reason of a breach of any covenant herein contained or for the recovery of the possession of said premises, or to compel the performance of anything agreed to be done herein, or to recover for damages to said property, or to enjoin any act contrary to the provisions hereof, shall be awarded all of the costs in connection therewith, including, but not by way of limitation, reasonable attorney's fees.

Bayne Rental Properties Monthly Rental Agreement (attached as Exhibit A to Complaint), Certified Record (C.R.) at 3.

¶ 11 Instantly, even if we assume that Tenant was not a free bargaining agent to the lease so that the contract is one of adhesion, not every such contract is necessarily unconscionable. *Todd Heller, Inc. v. UPS,* 754 A.2d 689, 700 (Pa.Super.2000). Rather, "[o]nce a contract is deemed to be one of adhesion, its terms must be analyzed to determine whether the contract as a whole, or specific provisions of it are unconscionable." *Id.* at 700 (citation omitted). In reviewing this provision, we find that it is clearly not unreasonably favorable to the drafter as it allows for recovery of attorney's fees to the prevailing party. If Tenant had successfully defended Landlord's claims, she would have been entitled to recover such fees as she had incurred, if any, in defense of Landlord's claims. Consequently, Tenant cannot satisfy the second prong of unconscionability, and, thus, the trial court erred in refusing to enforce this provision.

¶ 12 In summary, we conclude that the instant fee-shifting provision for the prevailing party is enforceable as it is neutral in its application and is intended as an indemnification for reasonable attorney's fees incurred. Accordingly, the case must be remanded for an award of reasonable attorney's fees to Landlord, and Tenant is entitled to a hearing concerning the reasonableness of such fees, which shall be conducted on remand.

¶ 13 Judgment reversed as to the denial of attorney's fees. Case remanded for a hearing on the reasonableness of the amount of fees to be awarded. Jurisdiction relinquished.