# Morgan v. Scogna

*Francis T. Colleran*, for plaintiffs.

*Kevin H. Wright*, for defendants Neurological Associates, Ltd. and Joseph Scogna.

*John A. Filoreto* and *Shaune E. Ferrara*, for defendants Aria Health System, Aria Health and Aria Health Physician Services.

MASSIAH-JACKSON, *J.*, March 5, 2014—

## I. FACTUAL BACKGROUND and PROCEDURAL HISTORY

On August 15, 2011, Mr. Jason M. Morgan underwent an anterior cervical disectomy with fusion of C6-C7, based on a preoperative diagnosis of herniated cervical disc. This elective procedure was performed by Dr. Joseph E. Scogna and others.

Immediately after surgery, Mr. Morgan "complained of exquisite pain, numbness, burning-like pain and dysesthesias encompassing his entire iliac crest region, groin and even into his femoral region." Second amended complaint, paragraph 17. Subsequent diagnosis confirmed that significant and permanent nerve and neurologic injuries exist as a result of the negligence of Dr. Scogna and others.

Plaintiff-Morgan and his wife, initiated this medical malpractice litigation. Defendants-Doctor Scogna and Neurosurgical Associates, Ltd. have filed preliminary objections pursuant to Rule 1028(a)(6) asserting they have entered into an agreement to arbitrate all medical

negligence claims. All other challenges were filed pursuant to Rule 1028(a)(2), Rule 1028(a)(3) and Rule 1019. For the reasons set forth in this memorandum, all of the preliminary objections are overruled and the parties are directed to move forward to prepare for trial in the courts of Philadelphia County.

## II. LEGAL DISCUSSION

A. The Legislature Has Identified Proper Venue for This Cause of Action.

Appellate cases hold that whether a claim is within the scope of an arbitration provision is a question of law. Because arbitration is a matter of contract, the court must review the construction and interpretation to determine whether there is an express agreement between the parties to arbitrate. Under Pennsylvania law, there is a two part test to determine if arbitration may be compelled. First, determine whether the arbitration agreement is valid. Second, determine whether the dispute falls within the scope of the agreement. *See* generally, *Elwyn v. DeLuca*, 48 A.3d 457 (Pa. Superior Ct. 2012); *Midomo v. Presbyterian Housing Development Co.*, 739 A.2d 180 (Pa. Superior Ct. 1999).

The Scogna agreement to arbitrate states in part:

"In the event that the care rendered by Dr. Joseph Scogna results in a malpractice legal action: 1. The grievance shall be subject to voluntary binding arbitration by a panel to be selected by the American Arbitration Association. 2. Arbitration shall take place in Bucks

County, the site of the primary office of Neurosurgical Associates. 3. If, by agreement of the parties, or by court order, the legal action is remanded to the courts, Item #2 will still pertain."

Our courts are expected to give full effect to the intent of the general assembly. When the plain language of a statute indicates legislative intent this court will give effect to the statutory interpretation over a private agreement. In this case, 42 Pa. C.S.A. §5101.1(b) and (c) expressly state that the venue requirement for *all* medical professional liability claims, "including...an arbitration proceeding," may be brought "*only in the county in which the cause of action arose.*" The legislature has made it clear that venue in this case is proper only in Philadelphia County where the Aria Health co-defendants are located and where the alleged negligence occurred.

The Pennsylvania Supreme Court noted in 1965, in *Central Contracting Co., Youngdahl & Co.*, 209 A.2d 810, 816 (Pa. 1965), that the modem rule includes a recognition that private parties may not by contract prevent a court from asserting its jurisdiction nor may private parties change the rules of venue.

In this case, defendant-Scogna has not challenged venue. Rather the basis of his preliminary objections is assertion of the validity of the arbitration clause. The court concludes that the arbitration agreement is not valid. The legislative intent prevails and Dr. Scogna may not change the rules of venue in his private contract.

B. Essential Terms of the Scogna Agreement Are

Invalid and Unenforceable.

Restatement (Second) of Contracts § 184(1) states:

"(1) If less than all of an agreement is unenforceable under the rule stated in § 178, a court may nevertheless enforce the rest of the agreement in favor of a party who did not engage in serious misconduct if the performance as to which the agreement is unenforceable is not an essential part of the agreed exchange."

Here, as in *Stewart v. GGNSC-Canonsburg, L.P.*, 9 A.3d 215 (Pa. Superior Ct. 2010), the arbitration clause requirement that the panel of arbitrators be selected by the American Arbitration Association is an essential term and is not ancillary, evidencing Scogna's choice to submit to a specific procedure. The AAA is not available. This court will not rewrite Dr. Scogna's agreement.

In defendant-Scogna's brief in further support of the preliminary objections it is suggested that the "essential term" of the Scogna agreement was that the dispute be resolved in Bucks County. No preliminary objections were filed challenging venue per Rule 1028(a)(1) or Rule 1006 or Rule 2179. Moreover, as indicated, the general assembly has rejected the defendants' attempt to forum shop.

C. The Scogna Agreement is Unconscionable.

Under Pennsylvania law, valid arbitration agreements are enforced absent a defense of duress, illegality, fraud and unconscionability. *Thibodeau v. Comcast Corporation*, 912 A.2d 874, 880 (Pa. Superior Ct. 2006).

Following Restatement (Second) of Contracts §208, a court may refuse to enforce an unconscionable provision or contract. An agreement is considered unconscionable when one party has no choice but to accept a provision which unreasonably favors the drafting party. "A contract or term is unconscionable, and therefore avoidable, where there was a lack of meaningful choice in the acceptance of the challenged provision and the provision unreasonably favors the party asserting it." *Bayne v. Smith*, 965 A.2d 265, 267 (Pa. Superior Ct. 2009). "[W]here the arbitration clause is contained in an adhesion contract and unfairly favors the drafting party, such clauses are unconscionable and must be deemed unenforceable." *Thibodeau, supra*, 912 A.2d at 880. "An adhesion contract is defined as a standard form of contract prepared by one party, to be signed by the party in a weaker position, usually a consumer, who has little choice about the terms." *Bayne, supra*, 965 A.2d at 267. The existence of an adhesion contract or an unequal bargaining position does not make an agreement per se unconscionable. Bayne, 965 A.2d at 270; *Thibodeau*, 912 A.2d at 882; Restatement (Second) of Contracts §208, Comment D. Each term must be analyzed to determine whether the provision unreasonably favors drafter. *Bayne v. Smith*, 965 A.2d at 270.

To the extent that the Scogna agreement attempts to the limit or restrict rights, responsibilities and obligations of any party that are different than the legislation set forth at 40 P.S.C.A. §1303.512 in the Medical Care Availability and Reduction of Error Act, the Scogna materials are not valid. Plaintiff-Morgan has highlighted the Scogna

paragraphs relating, *inter alia*, to expert witnesses, collateral source and period payments. Not only has the statutory and case law clearly provided protections and parameters for all parties in medical negligence litigation, plaintiff-Morgan did not have any choice when these documents were presented for his signature. Defendant-Scogna has been unable to identify a single provision which he drafted which favors plaintiff-Morgan and which does not unreasonably favor the alleged tortfeasor.

## III. CONCLUSION

The burden of proof for preliminary objections rests on the moving party. After careful consideration of all of the issues presented herein, the preliminary objections filed by Joseph E. Scogna, M.D. and Neurosurgical Associates, Ltd., challenging specificity and conformity of the pleadings, and, the assertion of a valid agreement to arbitrate are overruled and the defendants must file an answer to the second amended complaint within twenty days.

## ORDER

And now, this 5th day of March, 2014, upon consideration of defendants Joseph E. Scogna, M.D. and Neurosurgical Associates, Ltd.'s preliminary objections to plaintiffs' second amended complaint, and plaintiffs' response thereto, and for the reasons set forth in the memorandum filed this date, it is hereby ordered that all preliminary objections are overruled. Moving defendants shall file an answer to plaintiffs' second amended complaint within twenty (20) days of the docketing of this order. *See also*, Rule 1006(c)(1).