J-A08013-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| KEYSTONE CARE ADMINISTRATIVE SERVICES, INC., | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRUCE GROSSINGER, D.O., | : | |
| | : | |
| Appellant | : | No. 1051 EDA 2015 |

Appeal from the Judgment Entered March 12, 2015
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): 06-04049

BEFORE: BOWES, OLSON, and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED NOVEMBER 21, 2016**

I join the Majority's proficient resolution of all issues in this appeal save one: the award of counsel fees based upon the contract's indemnification provision.

"Pennsylvania generally adheres to the American Rule, under which a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a **clear** agreement of the parties, or some other established exception." ***Samuel-Bassett v. Kia Motors Am., Inc.***, 34 A.3d 1, 56–57 (Pa. 2011) (citation and internal quotation marks omitted; emphasis added). The question here is whether the indemnification clause

_____

*Retired Senior Judge assigned to the Superior Court.

at issue is a clear agreement to shift fees to the losing party in an action between the contracting parties for breach of the contract.

The Majority correctly notes that the agreements provide that the section headings shall not affect construction of the provisions. Majority Memorandum at 24. However, it is also true that

> [i]n construing a contract each and every part of it must be taken into consideration and given effect, if possible, and the intention of the parties must be ascertained from the entire instrument. … The court will adopt an interpretation that is most reasonable and probable bearing in mind the objects which the parties intended to accomplish through the agreement.

***Wrenfield Homeowners Ass'n, Inc. v. DeYoung***, 600 A.2d 960, 963 (Pa. Super. 1991) (internal quotation marks and citations omitted).

The provision at issue relates to indemnification. "An agreement to indemnify is an obligation resting upon one person to make good a loss which another has incurred or may incur **by acting at the request of the former, or for the former's benefit**." ***Burlington Coat Factory of Pennsylvania, LLC v. Grace Const. Mgmt. Co., LLC***, 126 A.3d 1010, 1022 (Pa. Super. 2015) (citation and internal quotation marks omitted; emphasis added).

A fairly common scenario involving use of an indemnification agreement is for a contractor performing work at a site to indemnify the premises owner for damages it was required to pay to a person injured on the premises as a result of the contractor's negligence. ***See***, ***e.g.***,

***Bernotas v. Super Fresh Food Markets, Inc.***, 863 A.2d 478, 479 (Pa. 2004) (noting general contractor's indemnification of grocery store following settlement of case against the store by a patron who fell into a hole in the construction area). Such a provision in the contract at issue in this appeal makes sense: KCAS would not want to be on the hook if, for example, one of the claimants it sent to Physician was injured while Physician was performing an IME of the claimant.

However, clauses requiring a losing party to a contract dispute to pay the other side's attorney's fees usually look very different. A typical contractual fee-shifting provision reads as follows:

> If either party breaches any provision of this Agreement, the other party shall have the right, at his or her election, to sue for damages for such breach or seek such other remedies or relief as may be available to him or her, and the party breaching this contract shall be responsible for payment of legal fees and costs incurred by the other in enforcing their rights under this Agreement.

***McMullen v. Kutz***, 985 A.2d 769, 771 (Pa. 2009) (citation and internal quotation marks omitted). ***See also Bayne v. Smith***, 965 A.2d 265, 269 (Pa. Super. 2009) ("Attorney's Fees. The prevailing party in an action brought for the recovery of rent or other money's [sic] due or to become due under this lease or by reason of a breach of any covenant herein contained or for the recovery of the possession of said premises, or to compel the performance of anything agreed to be done herein, or to recover for damages to said property, or to enjoin any act contrary to the provisions

hereof, shall be awarded all of the costs in connection therewith, including, but not by way of limitation, reasonable attorney's fees.") (emphasis, citation, and internal quotation marks omitted); ***Trizechahn Gateway LLC v. Titus***, 976 A.2d 474, 482 (Pa. 2009) ("The Tenant agrees to pay a reasonable attorney's fee if legal action is required to enforce performance by Tenant of any condition, obligation or requirement hereunder.").

In this action involving sophisticated parties who surely knew how to draft a standard fee-shifting provision, I would hold that the trial court erred in concluding that there was a clear agreement of the parties that one of them could recover attorney's fees from the other for litigation stemming from breach of the contract.

Therefore, I respectfully dissent to that portion of the Majority Memorandum that affirms the award of attorney's fees to KCAS.