J-S12020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT CLINTON HOSBY, | |
| Appellant | No. 905 MDA 2017 |

Appeal from the PCRA Order, entered April 17, 2017,
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0004975-2006.

BEFORE: LAZARUS, J., KUNSELMAN, J. and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 02, 2018**

Robert Clinton Hosby appeals from the order denying his serial petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history have been summarized as follows:

> While drinking at a local bar, [Hosby] and his cousin, Tamara Hosby, encountered Tara Layton and her friends and arranged for Tamara to fight Soraya Layton, Tara's cousin. The fight was arranged because Soraya provided the Harrisburg Police Department with information related to criminal activity involving Tamara's brother. During the early morning hours of October 8, 2006, [Hosby] drove Tamara to Tara's residence at 2118 Susquehanna Street to engage in the pre-arranged fist-fight with Soraya.
>
> When [Hosby] and Tamara arrived at the location, they exited the vehicle and walked together along the sidewalk towards Tara's residence, and Tamara shouted at Soraya as she approached the residence. Soraya turned around

to walk away; however, Tamara grabbed her hair and punched her in the face, leading to the physical altercation. Hosby urged Tamara to "beat Soraya up" as the fight was occurring.

Anthony Chadwick, Tara's boyfriend, broke up the fight between Soraya and Tamara and they walked away from the residence still arguing. Around the same time, [Hosby] and Tara were arguing about the winner of the altercation between Soraya and Tamara. [Hosby] punched Tara in the face, and Anthony intervened and pushed [Hosby] away. [Hosby] then turned and walked to his car.

Witnesses testified that once [Hosby] arrived at his vehicle he opened the door and reached inside, pulled out a gun and placed it in his rear pocket. After witnessing [Hosby] loading the gun and placing it in his rear pocket, Tara's cousin, Laticia Jackson, instructed him to leave. [Hosby] ignored the demand and walked towards Tara's residence, intoning, "They keep running their mouth". When [Hosby] approached the residence, Tara grabbed a plastic lawn chair and ran towards him. As she was shouting for him to leave, she hit [Hosby] a few times with the chair and pieces of the chair went flying. [Hosby] then backed away, pulled out his gun, and shot Tara in the chest, killing her instantly. After shooting Tara, [Hosby] turned away, returned to his car and left with Tamara.

[Hosby] was later arrested and processed by the City of Harrisburg, Bureau of Police. Trial was convened, a jury convicted [Hosby for first-degree murder and related charges], and he was sentenced [to an aggregate term of life in prison]. Post-trial motions were filed and denied, following which a timely notice of appeal was filed.

*Commonwealth v. Hosby*, 965 A.2d 265 (Pa. Super. 2007), unpublished memorandum at 1-3 (citations omitted). On December 17, 2008, we rejected Hosby's claims on direct appeal and affirmed his judgment of sentence. *Id.* On May 27, 2009, our Supreme Court denied Hosby's

petition for allowance of appeal. ***Commonwealth v. Hosby***, 972 A.2d 520 (Pa. 2009).

On August 26, 2009, Hosby filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. Thereafter, PCRA counsel filed a "no-merit" letter and motion to withdraw, pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), based upon PCRA counsel's conclusion that Appellant's petition was without merit. On June 24, 2011, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Hosby's PCRA petition without a hearing, and granted PCRA counsel's motion to withdraw. Hosby filed a response on July 25, 2011. By order entered December 7, 2011, the PCRA court dismissed the petition. Hosby filed a timely appeal to this Court, and we affirmed in an unpublished memorandum filed on December 14, 2012. ***Commonwealth v. Hosby***, 64 A.2d 22 (Pa. Super. 2012).

On March 28, 2016, Hosby filed a second *pro se* PCRA petition. The PCRA court again appointed counsel, and PCRA counsel filed a motion to withdraw. After issuing Pa.R.Crim.P. 907 notice and granting counsel's motion, the PCRA court, by order entered August 18, 2016, denied Hosby's second petition.

On December 23, 2016, Appellant filed the PCRA petition at issue, his third. Appellant styled this filing as a "Petition Requesting an Evidentiary Hearing and New Trial Based on After-Discovered Evidence that was

- 3 -

Unavailable during Trial Pursuant to 42 Pa.C.S. § 9543(a)(2)(vi) and Facts that were Unknown Pursuant to 42 Pa.C.S. § 9545(b)(1)(ii)." After issuing Pa.R.Crim.P. 907 notice, the PCRA court dismissed the petition on April 17, 2017. Hosby filed a timely *pro se* appeal and, following a **Grazier**[1] hearing, the PCRA court appointed present counsel. Both Hosby and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> I. Whether the [PCRA] court erred in dismissing [Hosby's] [PCRA] petition when the Commonwealth erroneously contended that [he] went back to the vehicle and retrieved a firearm when in fact, [Hosby] never returned to the vehicle to retrieve a firearm?

Hosby's Brief at 5 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is

_____

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 4 -

patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Because this is Appellant's third petition for post-conviction relief, he must meet a more stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prime facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Burkhardt*, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted). "A petitioner makes a *prime facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." *Id.*

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] 42 Pa.C.S.A. § 9545. A PCRA petition

---

[2] The exceptions to the timeliness requirement are:
*(Footnote Continued Next Page)*

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2). Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Appellant's judgment of sentence became final on August 25, 2009, when the ninety-day time period for filing a writ of *certiorari* with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had until August 25, 2010, to file a timely PCRA petition. As

*(Footnote Continued)* —————————

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Appellant filed the instant petition in 2016, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Within his brief, Hosby acknowledges that his latest petition is untimely, but he asserts that he now possesses "exculpatory evidence [that] was unavailable at the time of trial and would have changed the outcome of the trial if it had been introduced." Hosby's Brief at 13. According to Hosby:

> Following his direct appeal and timely PCRA Petition and appeal, [Hosby] saw a fellow prisoner, Tyrelle Middleman, who he knew from the neighborhood. Mr. Middleman began to "comment about [Hosby] being incarcerated pertaining to [Hosby] being hit over the head with a chair and [Hosby] was curious about how he knew about this event. In response, Mr. Middleman explained that he saw what happened as he was approaching all the commotion that night."

Hosby's Brief at 12. In making this argument, Hosby confuses eligibility for the PCRA's time bar exceptions, 42 Pa.C.S.A. sections 9545(b)(1)(i)(ii)(iii), with the eligibility for relief, via a *timely* PCRA petition, based upon "after-discovered evidence" pursuant to 42 Pa.C.S.A. section 9543(a)(vi). Each of these sections of the PCRA requires different analyses.

When considering a PCRA's petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

The PCRA court concluded that Hosby's allegation "that the Commonwealth erroneously contended he went back to his vehicle and retrieved a firearm when he in fact did not, does not constitute facts unknown and not discoverable by due diligence that would permit review [under] the PCRA." PCRA Court Opinion, 9/25/17, at 3. We agree.

Appellant has not demonstrated the exercise of due diligence. Although he asserts he filed his latest PCRA petition within sixty days of the discovery of the information from Middleman, he offers no explanation as to why, with the exercise of due diligence, this information could not have been discovered earlier. Hosby stated that he was acquainted with Middleman from the neighborhood, and the Commonwealth avers that both men were housed in the same state institution for over two years before the meeting in the prison yard. In addition, according to Mr. Middleman, he had witnessed the "commotion" that preceded the shooting, and there is no evidence that, with due diligence, Hosby could not have discovered Mr. Middleman's testimony prior to trial.

We could affirm the PCRA court's order denying post-conviction relief on this basis alone. *See Commonwealth v. Doty*, 48 A.3d 451, 456 ((Pa. Super. 2012) (explaining that this Court can affirm the a PCRA court's denial

of post-conviction relief on any basis). Nevertheless, even if the PCRA court had found Hosby met the timeliness exception for newly-discovered evidence, we agree with the PCRA court's ultimate conclusion that he did not demonstrate he is entitled to post-conviction relief based upon Middleman's affidavit.

A petitioner is eligible for relief under the PCRA if he or she can establish the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). This Court has explained the test to be applied to such a claim as follows:

> To obtain relief based on after-discovered evidence, an appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of trial by the exercise of reasonable due diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012) (citation omitted). "The test is conjunctive; the appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Id.* Moreover, "when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case." *Id.*

- 9 -

In concluding that Appellant failed to meet this burden, the PCRA court reasoned:

> The facts that [Hosby] contends are new are that he was hit with a chair immediately before firing his gun rather than going to his car to fetch a gun prior to being hit with the chair. During trial, six witnesses testified that [Hosby] and the victim engaged in an altercation that was broken up, he then went to his car, and retrieved a gun. [Hosby] returned [and engaged] in another altercation with the victim who hit him with a chair; he then shot her.
>
> The affidavit attached to [Hosby's PCRA petition] alleges that [Mr. Middleman] was walking towards the commotion when he saw the victim hit [Hosby] with a chair and then heard a pop sound. Nothing in this affidavit constitutes new evidence. [Mr. Middleman does not aver that he was] present for the entire series of events and indicates that he only saw the last altercation. As such, his testimony sheds no new light on when [Hosby] went to his car to retrieve his gun.

PCRA Court Opinion, 9/25/17, at 3 (citations omitted).

Our review of the record supports the PCRA courts conclusions. In addition, we note that, Mr. Middleman's proffered testimony would only serve to impeach the testimony of the six trial witnesses who testified to a different sequence of events. Thus, Hosby's claim fails. *Foreman*, *supra*.

In sum, for all of the above reasons, the PCRA court correctly determined that Hosby was ineligible for post-conviction relief. We therefore affirm the PCRA court's order denying Hosby's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/2018